IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02493-BNB

DION MARTINEZ,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

## ORDER OF DISMISSAL

---

    Applicant, Dion Martinez, is a state prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the correctional facility in Sterling, Colorado. Applicant, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in Pueblo County District Court Case No. 05CR2245.

    On October 16, 2012, Magistrate Judge Boyd N. Boland directed Respondent to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondent submitted a Response on October 23, 2012; Applicant submitted a Reply on November 8, 2012, and a Supplement on December 3, 2012.

    The Court must construe liberally the Application, Reply, and Supplement filed by Applicant because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court does not "assume the role of advocate for the *pro se* litigant." See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Applicant pled guilty to attempted first degree murder and first degree burglary and was sentenced on February 12, 2009.  Pre-Answer Resp., ECF No. 12-1 at 3-4 and 12-13.  He did not file an direct appeal.  On March 31, 2009, Applicant filed a Colo. R. Crim. P. 35(b).  No ruling on this motion is entered, *id.* at 12, and the next collateral motions filed by Applicant were entered on September 19, 2011, *id.*  The Court notes that between March 31, 2009, and September 19, 2011, three letters were submitted to the state district court by Applicant.  The first letter was submitted on August 3, 2009, in which Applicant requested copies.  *Id.*  In the next letter, submitted on January 3, 2011, Applicant inquired about an appeal; on August 1, 2011, Applicant requested an "Roa"; and on August 11, 2011, he requested transcripts.  *Id.*

The two motions Applicant filed on September 19, 2011, were filed pursuant to Colo. R. Crim. P. 35(a) and (c).  Pre-Answer Resp., ECF No. 12-1 at 1-12.  The state district court denied the two motions on October 19, 2011.  ECF No. 12-3.  Applicant filed an appeal on January 9, 2012, which the Colorado Court of Appeals denied February 24, 2012.  *Id.*  Applicant then filed a petition for writ of certiorari, which the Colorado Supreme Court denied on August 27, 2012.  ECF No. 12-10.  On September 5, 2012, Applicant filed a second Rule 35(b) postconviction motion, which the state district court denied on September 25, 2012.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant's conviction became final on March 30, 2009, when the time ran for appealing the sentence entered on February 12, 2009. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) and 26(a) (the last day of the period computed is included unless it is a Saturday, Sunday, or holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or holiday). Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced. Accordingly, for

purposes of § 2244(d), time began to run on March 31, 2009, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue here is whether Applicant's first postconviction motion, a Rule 35(b) motion, was pending until September 19, 2011, when he filed Rule 35(a) and (c) postconviction motions.

As stated above, nothing on the state court registry indicated that Applicant made an attempt to proceed with the first postconviction motion prior to filing a second postconviction motion. Also, there is no indication on the state court registry of actions that the district court ruled on Applicant's first Rule 35(b) motion.

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). Although the interpretation of the term "pending" is a matter of federal law, state procedural laws are relevant to the federal analysis. *Id.* Under Colorado law, Applicant's failure to take reasonable steps to secure an expeditious ruling on his postconviction motion resulted in the motion's abandonment. *See People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (defendant deemed to abandon a Rule 35(b) post-conviction motion when he does not "take reasonable efforts to secure an expeditious ruling on the motion"); *People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (rule for abandonment used in *Fuqua* applied to Rule 35(c) postconviction motion). It is not reasonable that for approximately thirty months Applicant failed to file any inquiries with the state district court in an

4

attempt to proceed with his first postconviction motion. Furthermore, the fact that Applicant filed a second postconviction motion rather than attempting to pursue his first postconviction motion indicates that he abandoned the first postconviction motion. Accordingly, unless equitable tolling applies, the Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

In the Application, on Page Seven, under Section "F. Timeliness of Application,"

5

Applicant provides no explanation for the untimeliness of the Application. Under Claim Three, on Page Six of the Application and in his supplement, however, Applicant asserts that trial counsel was ineffective because he never objected to the conviction or discussed with him the possibility of a direct appeal and did not contact him to notify him that he no longer was representing him. Finally, only after Respondents raised the timeliness issue in the Pre-Answer Response did Applicant argue that he was on anti-psychotic medication from August 2009 until August 2010.

First, even considering Applicant's claim that he was on anti-psychotic medication and housed at a prison facility for mental health care from August 2009 until August 2010, he does not assert a reason for not seeking postconviction relief until September 19, 2011, more than one year after he was no longer being treated for mental health issues.

To the extent that Applicant claims abandonment by his attorney as a basis for equitable tolling, the Court finds no basis for the abandonment claims. Applicant asserts that he did not know that his attorney had not filed a notice of appeal because he was placed in a facility for mentally ill offenders. Applicant was convicted and sentenced on February 19, 2009. He asserts he was placed at the mental health facility in August 2009, six months after the conviction and sentence. Prior to the placement Applicant was able to file a motion to reconsider his sentence and request copies from the trial court. Furthermore, nothing in Applicant's Application or other pleadings indicates that he challenges his competency during trial or counsel's failure to address his requests to file a direct appeal. His only claim is that he was on anti-psychotic medications at the time of trial and his counsel took advantage of his state of mind.

Neither of these claims support a claim of abandonment by trial counsel and provide a basis for finding equitable tolling based on an alleged abandonment by trial counsel.

Finally, Applicant appears to argue that this action is timely because he filed his Rule 35(c) motion within the state three-year time limitation.  *See* Reply at 1.  Filing within the Colorado three-year window does not overcome the one-year procedural bar limiting federal habeas relief.  *See Wager v. Milyard*, 202 F. App'x 339, 340 (10th Cir. 2006).  Therefore, since equitable tolling does not apply, the Application is time-barred under 28 U.S.C. § 2244(d).

Because the action is time-barred, the Court need not address Respondents' argument that Applicant's claims are procedurally defaulted

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  23rd  day of    January        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court