IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02493-LTB

DION MARTINEZ.

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER

---

    The matter arises on Applicant Dion Martinez's "Motion for Extension for Petition of Rehearing."  The Court must construe the Motion liberally because Mr. Martinez is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Mr. Martinez does not state a basis for his request for an extension of time or identify the federal or local rule under which he seeks a rehearing.  For the reasons stated below, the Court will construe the Motion as a motion to reconsider the January 23, 2013 Order of Dismissal and instruct Mr. Martinez to amend the motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion for reconsideration should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order of Dismissal entered on January 23, 2013, dismissed the action. The instant Motion for Extension was filed on February 19, 2013, within the twenty-eight days allowed to file a Rule 59(e) motion to reconsider.

Nonetheless, it is clear that the Court is not empowered to grant Mr. Martinez an additional thirty days to file a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) specifies that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. Rule 6(b) grants the district court limited authority to extend various time limits under the rules. Rule 6(b)(2) provides that the court "must not extend the time to act under Rule[ ] . . . 59(b), (d) and (e) . . . ." *See also Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion."). Rule 59 provides no exceptions to the twenty-eight day rule. Thus, the Court lacks authority to grant Mr. Martinez an extension of time.

The Court, however, will construe the Motion for Extension as a Rule 59(e) Motion to Reconsider and direct Mr. Martinez to amend the Motion. Accordingly, it is

ORDERED that Mr. Martinez's Motion for Extension for Petition of Rehearing, ECF No.25, is construed as a Fed. R. Civ. P. 59(e) Motion to Reconsider. It is

FURTHER ORDERED that Mr. Martinez shall have twenty-one days from the date of this Order to file an Amended Motion to Reconsider. It is

FURTHER ORDERED that if Mr. Martinez fails to comply within twenty-one days the Court will deny the Motion.

DATED at Denver, Colorado, this   22nd   day of    February    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court