IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02493-LTB

DION MARTINEZ,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the Amended Motion to Reconsider, ECF No. 31, that Applicant, a state prisoner, filed pursuant to the Court's Order of February 22, 2013. The Amended Motion to Reconsider challenges the Order of Dismissal entered on January 23, 2013. The Court must construe the Motion liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Amended Motion to Reconsider.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Applicant's Amended Motion to Reconsider pursuant to Rule 59(e) because his original Motion to Reconsider was filed within twenty-eight days after the Judgment was entered in this action on January 23, 2013.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Applicant fails to assert anything in the Amended Motion to Reconsider that indicates the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Applicant's request for reconsideration, therefore, will be denied.  Accordingly, it is

ORDERED that Applicant's Amended Motion to Reconsider, ECF No. 31, and the construed Motion to Reconsider, ECF No. 25,  are denied.

DATED at Denver, Colorado, this  5th  day of    March   , 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court